IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 05-00345-KD-C |
| | ) | |
| STEVE EUGENE RUSSO | ) | |

**ORDER**

This matter is before the Court on defendant Stephen Eugene Russo's ("Russo") "Motion for Release Pending Appeal" (Doc. 416) filed March 16, 2007; the government's response in opposition (Doc. 435) filed March 30, 2007; Russo's reply thereto (Doc. 437) filed April 1, 2007, and Russo's motion for leave to file reply brief exceeding page limitation (Doc. 438), filed April 2, 2007.[1]

I.   Background

Defendant Russo was charged with and convicted of conspiracy to commit honest services mail and wire fraud, nineteen substantive counts of honest services mail and wire fraud, conspiracy to obstruct justice, and obstruction of justice.  (See Doc. 305)   On February 23, 2007, the Court sentenced defendant Russo to a term of incarceration of ten (10) years in the federal Bureau of Prisons.  On March 14, 2007,  Russo filed a notice of appeal of the final

---

[1] Russo's motion to submit a reply brief exceeding the allotted page limitation is **GRANTED.**

judgment of conviction, sentence, and order of forfeiture pursuant to Federal Rules of Appellate Procedure 4(b). (Doc. 410)  Russo is currently on bond and awaiting designation to a Bureau of Prisons facility.  On March 16, 2007, Russo filed the instant motion for release pending appeal. (Doc. 416)  The government filed its response in opposition on March 30, 2007 (Doc. 435) and defendant submitted a reply brief on April 1, 2007. (Doc. 437)  The motion has been fully briefed and is now ripe for this Court's consideration.

II.     Standard of Review

Russo moves the Court for an order granting him release, pending the appeal of his September 1, 2006 conviction, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3143.  The Act provides, in pertinent part:

> (b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> (I) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. 3143(b). [2]  Thus, under § 3143, the Court presumes that detention is valid, and the

---

[2] 18 U.S.C. §3143 (a) addresses release pending sentencing.  In the present case, Russo has already been sentenced, thus, the applicable guidelines are found in subsection (b).

defendant bears the burden of overcoming that presumption and proving that release is appropriate. United States v. Giancola, 754 F.2d 898, 900-01 (11th Cir.1985) (per curiam) (release pending appeal); United States v. Moncrief, 289 F.Supp.2d 1311 (M.D.Ala.2003) (Thompson, J.) (same).

Section 3143(b)(1)(A) allows a defendant to be released pending appeal by the defendant if the Court finds by clear and convincing evidence that the person is not likely to flee nor poses a danger to the community. The Court must also find that the appeal is not taken for purposes of delay and that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B). A "substantial question" is "one of more substance than would be necessary to a finding that it was not frivolous."Giancola, 754 F.2d at 901. In other words "[i]t is a 'close' question or one that very well could be decided the other way." Id. A defendant must establish, first, that he is raising a question "which is either novel [or] which has not been decided by controlling precedent [or] is fairly doubtful." Id. With this legal framework in mind the Court now turns to the specific grounds articulated by defendant Russo in support of his motion.

III.    Discussion

Russo states that he will raise a number of issues on appeal, including the reach of the federal honest services statute, 18 U.S.C. § 1346. (Doc. 416 at 3) Russo argues, in sum, that "the prosecution pursued the payment aspect of this case on a theory of honest services fraud that neither the Eleventh Circuit, nor any other Circuit ever has recognized...." (Id.) Specifically,

Russo contends that the expansion of the honest services mail fraud statute has only been recognized in the First Circuit Court of Appeals, which requires that a special jury instruction be given in such cases.[3]  Russo argues that the payments made by co-defendant Jim Brown to Russo were "to cultivate a political friendship" and that this activity does not fall within the definition of honest services fraud.

In response, the government argues, in sum, that Russo's motion ignores the aspects of the case concerning campaign finance fraud and obstruction of justice[4] and that a single conviction as to any one of those important components of the case, alone, would trigger incarceration.

The government also argues that Russo cannot show that the issue presented would raise any novel, close or doubtful question in this or any other Circuit.  Specifically, the government contends that Russo has failed to demonstrate why or how any aspect of the conduct of which Russo was convicted, viewed in the light most favorable to the verdict, cannot, under the law, amount to illicit personal gain by him.  The goverment argues that "[g]ratuities, bribes, pay-offs, and kickbacks are just a few garden variety examples of corrupt conduct by public servants.  Indeed, any linguistic difference between those terms is immaterial." (Doc. 435 at 6)

---

[3] Russo argues that "[n]o other circuit has so expanded the definition of honest services fraud – and the First Circuit [in Sawyer]carefully crafted a jury instruction to distinguish between gratuities given to "coax 'ongoing official action'" (illegal) and gifts given simply to cultivate political friendship (legal). United States v. Sawyer, 85 F. 3d 713 (1st Cir. 1996) (Sawyer I)

[4] Russo replies that the obstruction issue was resolved when the Court decided to release Mr. Sutley pending appeal, since the obstruction charges are effectively identical and the arguments are the same for both.

In response to the government's opposition, Russo argues that as to the campaign finance counts (Counts 22-25) while they are styled as honest services counts, the counts do not charge a deprivation of honest services. (Doc. 437 at 1)  Further, Russo contends that the government has misconstrued the bases for his appeal, which he maintains will revolve primarily on the "current Circuit split over the honest services statute as it applies to payments to public officials." (Id. at 2)  Specifically, Russo contends that his appeal will focus on the following: (1)  the Fifth Circuit's standard – requiring a specific violation of state law – is the only standard consistent with due process; (2) even if a judge-made standard is appropriate, the Eleventh Circuit's standard, requiring a quid pro quo, is the correct standard, and (3) even if the First Circuit standard applied Sawyer, the Court failed to give the required jury instruction and the prosecution's evidence failed to meet the Sawyer standard. (Id.)

The Court agrees with defendant Russo that there is no evidence that he would likely flee or that he poses a danger to others.  Rather, the Court's inquiry is narrowed to whether defendant raises a substantial question of law or fact which would likely result in reversal or an order for new trial.  After careful review of counsels' briefs, the Court finds that he has not.

Russo was charged with and convicted of : (1) conspiracy to commit honest services fraud in various ways, including the schemes related to American Hot, the debris removal kickback, the land-flip, and the Romar Vista kickback; (2) substantive counts related to American Hot; (3) substantive counts related to the land-flip; (3) substantive counts related to his conversion of campaign contributions; (4) conspiracy to obstruct justice; and, finally, (5) a substantive count of obstruction of justice.  As correctly noted by the government, "[m]isuse of office for personal gain is the touchstone of any honest services case," (Doc. 435 at 6) and as

noted by the Eleventh Circuit Court of Appeals, "[i]llicit personal gain by a government official deprives the public of its intangible right to the honest services of the official." United States v. DeVegter, 198 F.3d 1324, 1328 (11th Cir. 2000).

Based on the foregoing, the Court is unable to conclude that the issues upon which Russo intends to base his appeal "raise[] a substantial question of law or fact likely to result in– reversal, [or] an order for a new trial." Accordingly, Russo's motion for release pending appeal is **DENIED.** [5]

**DONE** and **ORDERED** this 6th day of April, 2007.

    S/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[5] Russo notes that his state court trial is currently scheduled to begin April 2, 2007 and he intends to seek a continuance which may push the trial to September 2007, at which time Russo will likely be in federal custody. (Doc. 416 at 1) Russo further notes that he is needed to assist with the care of his minor children since his wife is serving a term of home confinement (scheduled to expire on July 5) for her federal conviction. Russo also contends that he needs additional time in which to complete arrangements regarding his personal and business affairs. Finally, Russo's appellate counsel represents that she has conferred with the U.S. Pretrial Services Office which has no objection to Russo's continued release pending appeal. In response, the government notes that Russo's physical presence during his state proceedings can and will occur when he is in federal custody. Further the government argues that "Russo fails to identify how, or why, 'the strictures' of his wife's home confinement would impact negatively the health, safety and welfare of his children in a way only his presence could avoid." As to Russo's representation that Pretrial Services "has no objection" to the motion, AUSA Butler represents that he "contacted Officer Mitchell in this regard, who clarified that his office takes no position whatsoever as to this issue, as this is a matter left to the parties to address and for the Court to determine." (Doc. 435 at 8) The Court concurs with the government that these issues are similar to those facing a stream of defendants passing through the federal system and are not unique to defendant Russo.